989 F.2d 494
 25 Fed.R.Serv.3d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MOBIL OIL COMPANY DE VENEZUELA, Plaintiff-Appellee,
v.
Jose Francisco Parada JIMENEZ, Defendant-Appellant.
Mobil Oil Company De Venezuela, Plaintiff-Appellee,
v.
Jose Francisco Parada Jimenez, Defendant-Appellant.
 Nos. 92-1242, 92-1554.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 4, 1993
Decided: March 9, 1993
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-90-1204-A)
 Alexander Arandia, CURI & ARANDIA, Flushing, New York, for Appellant.
 Loren Kieve, DEBEVOISE & PLIMPTON, Washington, D.C., for Appellee.
 Paul C. Palmer, Bridget M. Bush, DEBEVOISE & PLIMPTON, Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and RUSSELL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Plaintiff Mobil Oil Company De Venezuela (Mobil) filed in Virginia state court a declaratory judgment action against Jose Francisco Parada Jimenez (Parada) challenging the validity of a Venezuelan judgment recovered by Parada against Mobil. Parada removed the action to federal court. Following Parada's repeated failures to comply with the court's orders pertaining to procedure and other discovery matters, the Honorable Albert V. Bryan, Jr. granted judgment by default against Parada. On appeal, Parada asserts that the district court erred in granting a default judgment against him. Parada also claims that the district court's rulings on various motions related to discovery proceedings were erroneous. Finding no error below, we affirm.
 
 
 2
 * Because the crux of this case concerns Parada's alleged repeated failures to comply with discovery orders issued by the court below, a short explanation of the history of this litigation is required.
 
 
 3
 Following the removal of this action to federal court, the district court issued an order requiring Parada to respond to Mobil's motion for declaratory judgment on or before September 17, 1990. In response to Parada's motion for enlargement of time, the district court ordered Parada to respond to Mobil's complaint by October 1, 1990. The district court also entered a scheduling order which required, inter alia, the completion of all discovery by December 14, 1990.
 
 
 4
 On October 1, 1990, Parada filed a motion seeking dismissal of the action for lack of personal jurisdiction over him. While that motion was pending, Mobil served interrogatories and document requests on Parada. Parada provided no discovery and missed the deadline for objecting to Mobil's requests. After this deadline had passed, Parada objected to Mobil's discovery requests on the sole ground that he was not a party to the action within the meaning of Fed. R. Civ. P. 33, 34. On November 21, 1990, Mobil moved for sanctions or for default judgment against Parada for his disregard of the district court's scheduling order. Mobil also noticed Parada's deposition for December 3, 1990. Parada failed to show, nor did he obtain or file for any protective order from the court. On December 4, 1990, Parada finally answered Mobil's complaint. Parada also wrote to the court and requested an additional ten days to amend his answer to include counterclaims. But Parada never filed a motion to that effect.
 
 
 5
 On December 7, 1990, the district court granted Parada's motion to dismiss, finding insufficient facts to support the court's exercise of personal jurisdiction. Mobil appealed. On November 15, 1991, this same panel of the Fourth Circuit reversed the district court's determination as to jurisdiction and remanded the case for further proceedings. See Mobil Oil Co. v. Jimenez, No. 91-2012 (4th Cir. Nov. 15, 1991) (unpublished).
 
 
 6
 On remand to the district court, Mobil renewed its motion for default judgment or sanctions. Local Rule 11(F)(1) required Parada to file his opposition to Mobil's renewed motion for default judgment by December 23, 1991. On December 31, 1991, Parada filed a motion for an enlargement of time. On January 3, 1992, the district court denied this motion. On January 8, 1992, Parada filed a second motion for enlargement of time to file an opposition to Mobil's motion for default judgment, together with his opposition. Parada also moved for "cross declaratory summary judgment."
 
 
 7
 The district court heard Mobil's motion for default judgment on January 10, 1992. The district court stated that given the intervening appeal to the Fourth Circuit, it was unwilling to grant default or impose sanctions. Instead, the court directed all outstanding discovery to be answered within ten days. The district court stated that if Parada failed to answer the discovery requests within ten days, or if he failed to make himself available for deposition within ten days, the court would grant the default. The court later extended the time for Parada to appear for his deposition to thirty days. The court entered a new scheduling order requiring all discovery to be completed by February 14, 1992, and requiring any defendant who has not filed an answer to do so within ten days.
 
 
 8
 On January 16 (within the discovery deadline), Parada filed answers to Mobil's interrogatories. Our review of these answers confirms the district court's conclusion that they were evasive and largely non-responsive. Parada did not respond to the request for production of documents. Parada filed an answer on January 17, 1992, with counterclaims, ignoring the answer that he had filed on December 4, 1990, (which did not contain counterclaims). On January 28, 1992, Parada filed his first set of interrogatories and request for production of documents on Mobil.
 
 
 9
 Because of Parada's failure to comply with the district court's discovery orders, Mobil filed a supplemental motion for default judgment which was heard by the court on January 24, 1992. Parada filed an opposition. Parada asserted: (1) that since most of the documents responsive to Mobil's request were in Venezuela, Mobil should have to look at them there; (2) his interrogatory answers were adequate; (3) that the district court's order granting any defendant who has not done so leave to file an answer within ten days gave Parada leave to file a new answer; (4) that he should be granted leave to amend his complaint to assert the proposed counterclaim. On January 24, 1992, Parada filed a motion for protective order from the district court's January 10, 1992, discovery order.
 
 
 10
 On January 31, 1992, the district court held another hearing to address Mobil's motion for default. The district court ruled that Parada had "just failed and refused without any justifiable cause to comply with the order of January 10, 1992." Accordingly, the court entered default judgment in favor of Mobil. The court then denied Parada's out-of-time requests: (1) for leave to amend his complaint to add his proposed counterclaims; (2) to conduct discovery; and (3) for a protective order. Parada's attorney asked the district court to consider reargument, which the court declined to do. Similarly, the court denied Parada's subsequent motions for reconsideration.
 
 II
 
 11
 Parada asserts on the appeal that the district court erred in denying several discovery-related motions made by Parada. Those allegations of error are subsumed within Parada's primary argument that the district court erred in granting a default judgment against Parada.
 
 
 12
 Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders. Generally, the actions of the district court in addressing discovery violations can be reversed on appeal only if an abuse of discretion is shown. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). But when the sanction involved is judgment by default, the district court's range of discretion is not as wide. Mutual Fed. Sav. & Loan Ass'n. v. Richards & Assoc., Inc., 872 F.2d 88, 92 (4th Cir. 1989). This is so because the entry of a default judgment implicates not just a trial court's interest in enforcing its discovery orders, but also a party's right to a day in court.
 
 
 13
 We have held previously that four factors are relevant in considering whether a party's discovery violations warrant the sanction of judgment by default: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice caused by his noncompliance (which necessarily includes an inquiry into the materiality of the evidence he failed to produce); (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-04 (4th Cir. 1977), cert. denied, 434 U.S. 1020 (1978). Analysis under the four Wilson factors ensures that the extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.
 
 
 14
 Although Judge Bryan did not apply each of the Wilson factors expressly, it is clear from the record before us that the district court did not abuse its discretion in entering a default judgment against Parada. Judge Bryan's January 31, 1992, order granting Mobil's motion for default judgment stated that Parada had"wholly failed to comply with the court's January 10, 1992 order, and that such failure [was] both wilful and without just cause or excuse." (J.A. 364a). The conclusion that Parada's noncompliance resulted from bad faith is not clearly erroneous, particularly when viewed in the light of Judge Bryan's statement that he believed Parada was "playing games with the court." There is a recognized need to protect courts from this type of disrespect. See National Hockey League, 427 U.S. at 642.
 
 
 15
 Parada does not seriously deny that he failed to comply with the district court's orders. Instead, he maintains that the district court neglected to take adequate consideration of the inherent difficulties involved in international litigation when setting the discovery deadlines. Our review of the record belies Parada's contention that this is a case in which the district judge was "quick on the trigger" in imposing a default judgment. Moreover, it is far from clear that less drastic sanctions would have proven effective. Judge Bryan gave Parada a second chance in his discovery order of January 10, 1992. Indeed, Parada was warned specifically that default judgment would be entered if he failed to comply.
 
 
 16
 Judge Bryan has a long familiarity with the conduct of the parties throughout the course of this litigation. It is clear that the district court did not abuse its discretion in granting judgment by default in favor of Mobil. Similarly, there is no indication that the district court erred in denying the numerous motions filed by Parada related to discovery and procedural matters. Accordingly, the district court's decision is
 
 
 17
 AFFIRMED.